UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JENNIFER L.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 2:20-cv-00955-JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 24, 28. Plaintiff did not file an optional reply brief.

Plaintiff, who alleges that she is disabled due to physical impairments, including fibromyalgia, challenges the Administrative Law Judge's ("ALJ") evaluation of her symptom

testimony, evaluation of medical opinion evidence, and finding that plaintiff is capable of performing past relevant work.

The Court concludes that the ALJ did not err is discounting plaintiff's symptom testimony because there is substantial evidence in the record to support the ALJ's determination that plaintiff's testimony regarding her fibromyalgia symptoms was inconsistent with her failure to comply with treatment recommendations and prescribed medication. The Court further concludes that the ALJ did not err is assigning significant weight to Dr. Staley's medical opinion regarding plaintiff's functional limitations. And despite plaintiff's contention, the ALJ did not rely on Dr. Staley's opinion in finding that plaintiff could perform her past relevant work. Finally, the Court concludes that the ALJ did not err at step four by relying on a vocational expert's testimony and in finding that plaintiff was capable of performing her past relevant work as a surgical technologist and housekeeper. Accordingly, the ALJ's finding of non-disability is supported by substantial evidence, and the Commissioner's decision is affirmed.

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration. *See* AR 15. Plaintiff's requested hearing was held before ALJ M. J. Adams on June 21, 2017. *See* AR 15, 24. On November 30, 2017, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR 15–24.

On April 21, 2020, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR 1; *see* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's

1 | written decision in June 2020.  *See* Dkt. 1.  Defendant filed the sealed administrative record
2 | ("AR") regarding this matter on November 20, 2020.  *See* Dkt. 22.

### BACKGROUND

Plaintiff, Jennifer L., was born in 1973 and was 40 years old on the alleged date of disability onset of September 5, 2014, and she was last insured through December 31, 2019.  *See* AR 17, 33.  Plaintiff graduated from high school, and she completed one year of college education and a surgical technologist program.  *See* AR 33–34, 161.  Plaintiff's work history includes prior employment as a surgical technologist and housekeeper.  *See* AR 23, 161.  Plaintiff states that she stopped working due to her conditions.  *See* AR 36–37.

According to the ALJ, plaintiff has at least the severe impairments of elbow tendonitis, degenerative disease of the cervical spine, and fibromyalgia.  AR 17.  The ALJ found that plaintiff was not disabled under the Social Security Act during the relevant period.  AR 24.

### STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

### DISCUSSION

In her opening brief, plaintiff raises the following arguments:  (1) whether the ALJ erred in evaluating her testimony regarding her fibromyalgia symptoms, despite the absence of an adverse credibility finding; (2) whether the ALJ erred in relying on Dr. Staley's (a state agency reviewing physician) medical opinion that plaintiff was capable of performing past work; and (3)

whether the ALJ erred in finding that plaintiff was capable of performing past relevant work as a surgical technologist as she actually performed it. *See* Dkt. 24, at 2–5.

### I. Plaintiff's Symptom Testimony

Plaintiff argues that the ALJ failed to consider plaintiff's testimony regarding her fibromyalgia symptoms despite that the ALJ did not find plaintiff "to be not credible." *See* Dkt. 24, at 4–5. Plaintiff also appears to contest the ALJ's finding that plaintiff's alleged fibromyalgia symptoms are not as severe as alleged. *See id.* at 5.

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms she alleges, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1995)).

Plaintiff first argues that the ALJ failed to consider or credit all of her testimony regarding her fibromyalgia symptoms despite that the ALJ did not find plaintiff "to be not credible." Dkt. 24, at 4–5. As an initial matter, the ALJ explicitly considered plaintiff's testimony regarding her fibromyalgia symptoms and discounted that testimony for several reasons, discussed in further detail below. *See* AR 19–23. Further, the ALJ's failure to use the terms "not credible" has no bearing on whether or not the ALJ's evaluation of plaintiff's symptom testimony is supported by substantial evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (an ALJ's evaluation of symptom testimony will be affirmed if supported by substantial evidence); *see also* Soc. Sec. Ruling ("SSR") 16-3p, 2016 WL 1119029, at *1 (2016) (stating that the Administration is "eliminating the use of the term 'credibility' from our

sub-regulatory policy" regarding the evaluation of symptoms in disability claims).  Therefore, the ALJ did not err in discounting plaintiff's symptom testimony by not explicitly stating that plaintiff's testimony is "not credible."

Plaintiff next appears to challenge the ALJ's finding that plaintiff's symptom testimony is inconsistent with her failure to follow her prescribed treatment plan.  *See* Dkt. 24, at 5.  Plaintiff asserts that she preferred a more "natural approach" to treatment, but she offers no other reason for failing to take prescribed medication.  *Id.*  An ALJ may discount a plaintiff's testimony based on "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment."  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *see also* SSR 16-3p, 2017 WL 5180304, at *9 (2017) ("[I]f the [claimant] fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of [the claimant]'s symptoms are inconsistent with the overall evidence of record.").  However, an ALJ may not find a plaintiff's symptoms are inconsistent with evidence in the record on the basis that the frequency or extent of the treatment sought by the individual is not comparable with the degree of alleged limitations "without considering possible reasons [] she may not comply with treatment or seek consistent treatment consistent with the degree of [] her complaints."  SSR 16-3p, at *9.

Here, the ALJ concluded that plaintiff's failure to comply with her treatment plan by taking prescribed medication (Gabapentin) suggested that her fibromyalgia symptoms were not as severe as alleged.  AR 22.  The ALJ also found that plaintiff's refusal to take prescribed medication "indicate[d] her unwillingness to comply with her treatment."  *Id.*  In support of these findings, the ALJ cited records reflecting plaintiff's improvement of fibromyalgia symptoms with treatment but that she also admitted that she had never taken her prescribed medication that

1 would alleviate her symptoms.  AR 22 (citing 640); *see also* AR 642, 647, 650 (noting that
2 plaintiff never tried other medications despite treatment provider prescriptions).  The ALJ also
3 cited plaintiff's preference to pursue a "natural route" of treatment over prescribed medications
4 but that she reported feeling "remarkably better" when she did take medication.  *See* AR 22
5 (citing AR 637, 656); *see also* AR 591, 597, 631, 636, 640, 642, 647 (noting plaintiff's resistance
6 to prescribed fibromyalgia medication despite treatment providers' repeated recommendations
7 and treatment plans).

8       The ALJ's reason for discounting plaintiff's testimony regarding her fibromyalgia
9 symptoms—her failure to comply with prescribed treatment without sufficient explanation—is a
10 clear and convincing reason supported by substantial evidence in the record.  *See* SSR 16-3p, at
11 *9; *Molina*, 674 F.3d at 1114 (finding that because it was a plaintiff's personal preference to
12 resist treatment (as opposed to a medical or financial reason), the ALJ reasonably concluded that
13 the level of treatment actually sought was inconsistent with the severity of complaints alleged);
14 *see also Daniel N. v. Comm'r of Soc. Sec.*, No. C17-5895-JPD, 2019 WL 366217, at *6 (W.D.
15 Wash. Jan. 30, 2019) (noting that where there is no medical evidence that a plaintiff's resistance
16 to treatment is attributable to his impairment, it is reasonable for an ALJ to conclude that a
17 failure to comply with a treatment regimen undermines his subjective complaints).

18       Although the ALJ provided other reasons to discount plaintiff's symptom testimony,
19 which plaintiff fails to challenge, the Court need not assess whether these reasons were proper,
20 as any error would be harmless.  *See* AR 644; *Presley-Carrillo v. Berryhill*, 692 Fed. App'x 941,
21 944–45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162
22 (9th Cir. 2008)).  Accordingly, the ALJ did not err in discounting plaintiff's testimony regarding
23 her fibromyalgia symptoms.

24

## II.     Dr. Staley's Opinion

Plaintiff argues that the ALJ relied in error on the medical opinion of state agency reviewing physician, Dr. Staley, that plaintiff is capable of performing her past relevant work. Dkt. 24, at 2–3.

Plaintiff's argument is not persuasive. First, state agency reviewing physician Normal Staley, M.D., did not opine that plaintiff would be capable of performing her past work as a surgical technician, as plaintiff suggests. *See* AR 80–82; Dkt. 24, at 3. Rather, Dr. Staley rendered an opinion as to plaintiff's physical functional limitations based on his review of the medical evidence of record. *See* AR 80–82. Dr. Staley did not offer any opinion as to whether plaintiff would be capable of performing any past work. *See id.* Further, the disability examiner—not the medical consultant (Dr. Staley)—is responsible for determining whether a claimant can perform past relevant work. *See* AR 82–84; Program Operations Manual System ("POMS"), DI 24501.001B(1)(c), https://secure.ssa.gov/apps10/poms.nsf/lnx/0424501001#b (last visited May 13, 2021).

Second, in formulating the residual functional capacity ("RFC"), the ALJ evaluated and assigned significant weight to Dr. Staley's uncontroverted opinion regarding plaintiff's physical functional limitations. *See* AR 23 (citing AR 80–82). The ALJ found Dr. Staley's opinion to be consistent with objective medical findings, plaintiff's conservative course of treatment, plaintiff's presentation during examinations, and plaintiff's daily activities. AR 23; *see also* 20 C.F.R. § 404.1527(c) (regarding considerations in evaluating medical opinion evidence, including supportability and consistency with the record as a whole). The ALJ concluded that evidence of record did not warrant more restrictive limitations than assessed by Dr. Staley. *See id.* In evaluating Dr. Staley's opinion, the ALJ made no reference to plaintiff's past work, nor

did the ALJ indicate that he relied on Dr. Staley's opinion for anything other than assessing the RFC. *See id.*

Plaintiff does not challenge any other aspect of the ALJ's weighing of Dr. Staley's opinion. Accordingly, plaintiff has failed to show error related to the ALJ's evaluation of Dr. Staley's opinion.

### III.    The ALJ's Step Four Findings

Plaintiff challenges the ALJ's step four findings that plaintiff is capable of performing her past relevant work. Dkt. 24, at 3–4. Specifically, plaintiff argues that the ALJ ignored evidence showing that plaintiff would be incapable of performing her past relevant work as a surgical technologist as it was actually performed. *See id.*

At step four in the sequential evaluation process, the ALJ must determine whether or not a claimant's impairments prevent her from performing past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv). In making this determination, the ALJ must compare a claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. § 404.1560(b). In finding that a claimant is capable of performing past relevant work, the claimant must be able to perform:

1. The actual functional demands and job duties of a particular past relevant job; *or*

2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

SSR 82-61, 1982 WL 31387, at *2 (1982) (emphasis in original). If the ALJ finds that the claimant is still capable of performing past relevant work, the claimant is not disabled for social security purposes and the evaluation process ends. *See* 20 C.F.R. § 404.1560(b)(3). Plaintiff

bears the burden of establishing the inability to perform past work. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

Here, the ALJ found that plaintiff has the RFC to—

> perform light work as defined in 20 CFR 404.1567(b) except [as] follows. She is able to lift/carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk (with normal breaks) for 6 hours in an eight-hour workday, and sit (with normal breaks) [for] 6 hours in an eight-hour workday. She can push/pull unlimitedly within those exertional limitations. She can frequently climb ramps and stairs. She can occasionally climb ladders, ropes, or scaffolds. She can unlimitedly balance. She can frequently stoop, kneel, and crouch. She can occasionally crawl. She can frequently reach with h[er] right upper extremity (including overhead reaching). She should avoid concentrated exposure to workplace hazards, such as machinery and unprotected heights.

AR 18–19. In comparing the RFC with the demands of plaintiff's past relevant work, the ALJ found that plaintiff is capable of performing her past relevant work as a surgery technologist and cleaner/housekeeper. AR 23–24. In making this finding, the ALJ stated that the vocational expert's ("VE") testimony was consistent with the *Dictionary of Occupational Titles* ("DOT"), defining both jobs as "light" work positions, and that plaintiff could perform her past relevant work "as it is actually and generally performed." *Id.*

During the hearing, the VE testified that plaintiff would be able to perform the jobs of housekeeper and surgical technologist as generally performed and defined in the DOT. AR 56. Upon further questioning from plaintiff's attorney, the VE also testified that the surgical technologist job—as actually performed by plaintiff—was "probably" performed "somewhere between light to medium" exertional level, and therefore, in excess of a "light" work limitation. AR 56–57.

Although the Court agrees that the ALJ appears to have overlooked the VE's testimony regarding how the surgical technologist position was *actually* performed by plaintiff, any error is harmless because the VE also testified that plaintiff retained the ability to carry out the surgical

technologist job duties as *generally* performed pursuant to the DOT.  *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) ("We have never required explicit findings at step four regarding a claimant's past relevant work both as generally performed *and* as actually performed.  The [VE] merely has to find that a claimant can or cannot continue [] her past relevant work as defined by the regulations." (emphasis in original)); *see also* SSR 82-61, at *1 ("[I]f the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be 'not disabled.'").

Further, even assuming that the ALJ did err in finding that plaintiff is capable of performing past work as a surgical technologist, the error is again harmless because the ALJ also found that plaintiff was capable of performing past work as a housekeeper.  *See* AR 23–24, *see also* AR 56 (VE testimony regarding the same); *Molina*, 674 F.3d at 1115 ("[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination." (internal quotations and citations omitted)).  Plaintiff does not challenge the ALJ's step four findings regarding plaintiff's past relevant work as a housekeeper.  Accordingly, plaintiff has failed to show that the ALJ erred in finding that plaintiff is capable of performing past relevant work.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for **DEFENDANT** and the case should be closed.

Dated this 17th day of May, 2021.

J. Richard Creatura
Chief United States Magistrate Judge